United States District Court
Southern District Court

Shawn Woodward
                    plaintiff

              v.

New York County Court Judge
Renee A. White, Micheal Butchen of
the Legal Aid Society, Elon Harpaz of
the Legal Aid Society and Alex Spiro,
Assistant District Attorney of New York
County and Cyrus Vance, Jr, District
Attorney of New York County, all sued
in their individual and official capacity,
                    defendants

Plaintiff Shawn
Woodward's Pro Se
42 USC § 1983 Civil
Rights Complaint With
Pendent State Law
Claims

19 CV 10281
-cv-10281

Non-Jury Trial
Requested

a) Jurisdiction:

1) This Court has jurisdiction over this claim because at the time
that this claim arose all defendants were employed by the County
of New York and/or held employment within the County of New
York and it was within the County of New York that Plaintiff
Shawn Woodward's federal and state constitutional rights were
violated as well as those rights conferred upon Plaintiff by state
laws.

b) Plaintiff's Information:

2) Shawn Woodward 00A6563 resides at Ulster Correctional
Facility, PO Box 800, Napanoch, New York, 12458

c) Defendants' Information:

3) Renee A. White, New York County Court Criminal Judge, work
address is: New York County Criminal Courthouse, 60 Centre Street,
New York, New York, 10007

4.) Micheal Butchen, Legal Aid work address is: The Legal Aid Society, 199 Water Street, New York, New York 10007.

5.) Elon Harpaz, Legal Aid work address is: The Legal Aid Society, 199 Water Street, New York, New York 10004.

6.) Alex Spiro, Assistant District Attorney, work address is: New York County District Attorney's Office, One Hogan Place, New York, New York 10007.

7.) Cyrus Vance, Jr, District Attorney, work address is: New York County District Attorney's Office, One Hogan Place, New York, New York 10007.

d.) Complaint:

8.) Plaintiff Shawn Woodward ("Plaintiff") swears under the penalty of perjury that the following is true based on personal knowledge and / or that which is believed to be true.

9.) In 2000 Plaintiff was arrested of various crimes within the New York County. Subsequently, Plaintiff was assigned Micheal Butchen of the Legal Aid Society ("Def. Cou. No. One") to represent Plaintiff.

10.) The representation lasted approximately five (5) months and Def. Cou. No. One convinced Plaintiff to take a plea bargin of a determinate sentence of 18 years in prison.

11.) There was never any mention of Post Release Supervision ("PRS") by Def. Cou. No. One, see, Shawn Woodward's Sworn and Notaried Affidavit ("Aff'd") at no.1.

12.) At the time Plaintiff was 22 years old and never con-victed of any crime in the State of New York.

13.) Plaintiff pleaded guilty before New York County Court's Judge Renee A. White ("Def. Judge White") and during Plaintiff's plea allucution again there was no mention of PRS as a part

of Plaintiff's plea bargin.

14.) Plaintiff was sentenced to a 18 years determinate sentence without any PRS in or around November 2000.

15.) In or around February 2012 Def. Judge White, after being notified that Plaintiff's 2000 sentence did not include a term of PRS, ordered Plaintiff to be brought to her courtroom for the correcting of Plaintiff's sentence.

16.) Plaintiff was assigned Elon Harpaz, of the Legal Aid Society ("Def. Cou. No. Two") to represent him. While in court on February 28, 2012 Plaintiff informed Def. Cou. No. Two that he wish to withdraw his plea bargin.

17.) While in Def. Judge White's Courtroom, Def. Judge White attempted to argue that Plaintiff had no legal basis to take his plea back.

18.) The matter was adjourned over until about April 2012. During this time Plaintiff was not "produced" before Def. Judge White.

19.) For the People / from the New York County's District Attorney's office was Assistant District Attorney Alex Spiro ("Def. Spiro") who attempted to explain to Def. Cou. No. Two and Def. Judge White that the facility that Plaintiff was at received no order to produce, see, Proceeding Transcripts ("Transcripts") at p. 2.

20.) Def. Judge White then went on to explain that the People - Def. Spiro - were withdrawing their request to impose PRS. Def. Cou. No. Two then went on to tell Def. Judge White that Plaintiff did not need to be present and that the matter was resolved. Def. Judge White then announced that Plaintiff did not need to present because he was not being resentenced and that Plaintiff's Motion to Withdraw the Plea became moot, id at p. 3, lines 2 - 12.

21.) Def. Judge White then went on to ask Def. Cou. No. Two a series of questions related to Def. Cou. No. Two's "authority" to "waive" Plaintiff's signature, "sign" on Plaintiff's behalf and then directing Def. Cou. No. Two to put Plaintiff's "initials" on a document indicating that Plaintiff agreed with the Court's decision, see, id at p. 3, lines 13- 23

22.) On or about April 17, 2012 Def. Cou. No. Two "signed" Plaintiff's name on an "Order", then signed his own name; Def. Spiro signed his name on the Order as well as Def. Judge White which ordered that Plaintiff was being "... re-sentenced to the originally imposed ... sentence (without ..." PRS, see, Order dated April 17, 2012.

23.) Cyrus Vance, Jr, New York County District Attorney ("Def. Vance") at the time that Plaintiff was not informed of PRS in 2000 and during the time that Plaintiff was not produced at Court by the People - Def. Spiro- was the District Attorney of New York County and Def. Spiro's supervisor and boss. Additionally, the 2012 Order specifically mentions that the consent to not impose PRS was in part with the District Attorney's permission, see, id at p. 2.

e.) Cause Of Action:

24.) Defendants Counsel No. One violated Plaintiff's right to Due Process of the Law under the Fourteenth Amendment by not properly informing Plaintiff of the consequences of pleading guilty which would, inter alia, have Plaintiff sentence to a term of PRS. Additionally, Def. Cou. No. One violated Plaintiff's right to Effective Assistance of Counsel under the Sixth Amendment.

25.) Defendants Judge White, Spiro and Vance violated Plaintiff's right to Due Process of the Law under the Fourteenth Amendment by denying Plaintiff access to the Court

26.) Additionally, Defendants White, Spiro and Vance violated

Plaintiff's "state-law" rights to access to the Courts under Penal Law § 70.85, Correction Law § 601-d and People v. Estremera, 30 NY.3d 268, 270 (NY 2016).

27.) Defendant Counsel No. Two violated Plaintiff's right to access to the Court and Due Process of the Law under First and Fourteenth Amendment. As well as Plaintiff's right to Effective Assistance of Counsel under the Sixth Amendment by holding a criminal proceeding in Plaintiff's absence, signing Plaintiff's name on a document without Plaintiff's authority and making decisions regarding Plaintiff's criminal court proceeding without conferring with Plaintiff.

28.) Additionally, Defendant Counsel No. Two violated Plaintiff's "state-law rights" under the New York Constitution, Article 1 § 6; Penal Law § 70.85; Correctional Law § 601-d and People v. Estremera, 30 NY.3d 268, 270 (NY 2016).

F.) Requested Relief:

29.) Plaintiff request the following relief:

a.) That he be allowed to withdraw his 2000 plea bargin.

b.) That Plaintiff be awarded the sum of $20,000,000.00.

Dated: October 24, 2019

Shawn Woodward
Pro Se Plaintiff

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY COURT

The Pepole of the State of New York

v.

Shawn Woodward,
                    defendant.

Defendant Shawn Woodward's
Sworn and Notarized
Affidavit
Ind. No.4305/2000

State of New York
County of Washington


        I, Defendant Shawn Woodward ("Defendant") Being duly sworn, deposes and says under the penalty of perjury the following:

        1.That in 2000 Defendant's Defense Counsel never informed Defendant about a term of Post Release Supervision ("PRS") as required by law.

        2.Had Defense Counsel informed defendant about the consequences of accepting a plea, specifically, that Defendant would receive a term of PRS, Defendant would have rejected the plea and insisted on going to trial.

        3.The reason for this is because under <u>Penal Law § 70.45 (2-a) (c)</u> a person convicted of a sex crime who is released to PRS can be sent to residentail facility for six (6) months and this can be done immediately following release from prison.

        4.In other words after Defendant was done serving his time from the 18 determinate years, parole could have ordered an additional six (6) months of confinement to be served in a residential treatment facility.

        5.Additionally, if Defendant was violated on PRS and had his PRS term declared delinquent under <u>Penal Law § 70.45 (5) (d), § 70.45 (5)</u> (d)(i) under

Defendant's Shawn Woodward Sworn and Notarized Affidavit con't

(d)(i) parole can have Defendant sent back to prison for atleast 15 months since Defendant is a category one (1)-see, 9 NYCRR section 800-05.20(c)(1)(v)- or for the remainder of Defendant's PRS time, see, Penal Law section 70.45(5)(d).

6.The remainder of Defendant's time being five (5) years of PRS since, pursuant to the Penal Law section 70.45(2) Defendant was sentenced in 2000 as a class B felony offender and the maximum term of PRS which Judge Renee A. White sought to imposed was five (5) years.

7.Defendant has always maintained his innocence even though he pleaded guilty in 2000. Which was due to Defendant's counsel never informing Defendant of defense strategies, rights that were waived due to a guilty plea and/or consequences of pleading guilty.

DATED: March 28, 2019

_Shawn Woodward_

Shawn Woodward 00A6563
Franklin Correctional Facility
62 BareHill Raod, P.O. Box 10
Malone, New York 12953

SWORN TO BEFORE ME THIS
28th DAY OF MARCH 2019

_Ellen M. Jock_

NOTARY PUBLIC

ELLEN M. JOCK
Reg. No. 01JO6360396
Qualified in Clinton County
Commission Expires June 19, 20 21

Proceedings

1          THE CLERK:  Calling Calendar Number 56, Shawn

2    Woodward.

3               Appearances, please.

4          MR. HARPAZ:  Legal Aid Society by Elon Harpaz,

5    H-A-R-P-A-Z, on behalf of Mr. Woodward.

6               Good morning, your Honor.

7          THE COURT:  Good morning.

8               Is he produced?

9          MR. HARPAZ:  No.

10              I contacted inmate reports, the Clinton

11    Correctional Facility this morning.

12              They told me he was physically there and they

13    received no order to produce.

14         THE COURT:  This was on for the People to produce

15    the defendant.

16              It was adjourned from March the 20th -- no, sorry.

17    February the 28th to today's date.

18         MR. SPIRO:  Alex Spiro for the People.

19              It is unfortunate, I apologize for the People, and

20    I will call the assistant and make sure they produce this

21    defendant on the date that your Honor requests.

22         THE COURT:  The date I requested was today.  I'll

23    give you both copies of the decision.

24              As you know, counsel, the People have withdrawn

25    their request to oppose post-release supervision.

Gerri Seltzer
Senior Court Reporter

Proceedings

1          So post-release supervision will not be imposed.

2          MR. HARPAZ:  That's the first I'm hearing of it.

3          I guess we don't need -- this can end the

4     proceedings?

5          THE COURT:  I guess that's true.  I guess he

6     doesn't need -- he is not being resentenced.  It will remain

7     the same but I still we think we have to do all the

8     paperwork.

9          So the decision, as you see, post-release

10    supervision will not be imposed.  So the motion to withdraw

11    the plea becomes moot.  I'll sign the paperwork to that

12    affect.

13          Do you waive his signature?

14          MR. HARPAZ:  Absolutely.

15          If you want me to put it for him.  Whatever you

16    want.

17          THE COURT:  I guess if you waive it, do you think

18    you are authorized to sign on his behalf?

19          MR. HARPAZ:  I think so, Judge.

20          I know you had spoken with him a lot about what he

21    wanted to come of this.  He will be satisfied.

22          THE COURT:  Why don't you put his initials and

23    your initials?

24          Wait while she is printing out all the paperwork.

25          You said it was the first time you heard about it.

Gerri Seltzer
Senior Court Reporter

Proceedings

1    We received the People he's response on April the 13th.

2             MR. HARPAZ:  I never got it.

3             THE COURT:  I know.  The People often don't serve

4    defense counsels.

5             That's another problem we have with the People.  I

6    don't know your explanation for that.

7             MR. SPIRO:  I have no explanation.

8             THE COURT:  Whenever everything is sent to the

9    Court, a copy should go to opposing counsel.

10            MR. SPIRO:  Of course, Judge.

11            THE COURT:  It seems like something you should

12   learn the first week of law school.

13            MR. HARPAZ:  Thank you.

14

15

16                    C E R T I F I C A T E

17            I, GERRI SELTZER, a Senior Court Reporter of the

18   State of New York, do hereby certify that the foregoing is

19   a true and accurate transcript of my stenographic notes.

20

21   GERRI SELTZER
22   SENIOR COURT REPORTER

23

24

25

                        Gerri Seltzer
                    Senior Court Reporter

NEW YORK STATE SUPREME COURT

COUNTY OF NEW YORK, PART        62

**ORDER** (Correction Law § 601-d)

| | |
| --- | --- |

THE PEOPLE OF THE STATE OF NEW YORK

against

SHAWN WOODWARD                , Defendant

| | |
| --- | --- |
| Defendant: | SHAWN WOODWARD |
| Ind./SCI | 4305-2000 |
| DIN # | 00A6563 |
| NYSID # | 9629443N |

NYS Dept of
Corrections & Community
Supervision

APR 2 4 2012

Received

Whereas the New York State Department of Correctional Services or Division

of Parole( the Agency") has provided the Court with written notice (the "Notice") that the view

above-named inmate (the "defendant") appears to be a "designated person" within

the meaning of Correction Law § 601-d, as added by chapter 141 of the Laws of 2008; and

Whereas Correction Law § 601-d imposes certain requirements for consideration

of re-sentencing of such designated person; and

Whereas the Court has considered any documents and other evidence presented to

the Court:

It is hereby ORDERED that:

☐   Because the Court is aware that a term of post-release supervision was in fact not
pronounced at the time of the defendant's sentence and because, except as set forth in
Penal Law, §70.85, a determinate sentence required a term of post-release supervision:

☐   The defendant is re-sentenced to a sentence that includes a period of post-release
supervision, with terms as stated by the Court in defendant's presence pursuant to
Penal Law, §70.45(1), and as reflected in the re-sentencing/commitment order;

RECEIVED

APR 3 0 2012

   Pursuant to Penal Law, §70.85, and with the consent of the District Attorney, the
defendant is re-sentenced to the originally imposed determinate sentence without
any term of post-release supervision.

INMATE RECORDS

The clerk shall immediately provide a copy of this ORDER to the Agency, and also forward a copy to the District Attorney and the defendant and his or her counsel. An original or certified copy of any superseding commitment order shall also be immediately forwarded to the Agency.

Dated:                                    SO ORDERED.

                                    _____
                                    Justice of the Supreme Court

                                    PT. 62  APR 1 7 2012

**Receipt of this order is hereby acknowledged.**

Defendant: _Shawn Woodard (by EH)_

Defense Counsel: _Eun H___

Asst. District Attorney: _____

                                    HON. RENEE A. WHITE

**ULSTER CORRECTIONAL FACILITY**
P.O. Box 800
Napanoch, N.Y. 12458

NAME: Shawn Woodward    DIN: 00A6563

Clerk of the Court
Southern District Courthouse
500 Pearl Street
New York, NY 10007

NEOPOST
10/30/2019
US POSTAGE $000.80⁰

FIRST-CLASS MAIL

ULSTER CORRECTIONAL FACILITY

ZIP 12458
041M11280434