UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN WOODWARD,

    Plaintiff,

-against-

NEW YORK COUNTY COURT JUDGE RENEE A. WHITE; MICHAEL BUTCHEN OF THE LEGAL AID SOIETY; ELON HARPAZ OF THE LEGAL AID SOCIETY; ALEX SPIRO, ASSISTANT DISTRICT ATTORNEY OF NEW YORK COUNTY; AND CYRUS VANCE, DISTRICT ATTORNEY OF NEW YORK COUNTY, all sued in their individual and official capacity,

    Defendants.

19-CV-10281 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in South Woods State Prison in Bridgeton, New Jersey, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his state-court criminal proceedings. By order dated January 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Judge Renee A. White of the New York State Supreme Court, New York County; Michael Butchen, a Legal Aid Society attorney; Elon Harpaz, a Legal Aid Society attorney; Alex Spiro, an Assistant District Attorney for New York County; and Cyrus Vance, the New York County District Attorney. Plaintiff's claims arise out of his state-court criminal proceedings.

The following facts are taken from Plaintiff's complaint. In 2000, Plaintiff was arrested for various crimes in New York County. Butchen, who represented Plaintiff in the criminal proceedings, convinced Plaintiff to accept a plea deal for a determinate sentence of 18 years' imprisonment. But Butchen never mentioned the imposition of post release supervision (PRS) as part of the sentence, and Judge White did not mention it during the plea allocution.

In or around February 2012, after Judge White was notified that Plaintiff's November 2000 sentence did not include a term of PRS, she ordered Plaintiff to appear before her to correct the sentence. When Plaintiff appeared in court on February 28, 2012, he informed Harpaz, who was assigned to represent Plaintiff, that he wished to withdraw his plea. Judge White then proceeded to argue that Plaintiff had no legal basis to withdraw the plea, and then adjourned the proceeding.

Because Plaintiff's facility did not receive an order to produce him, he did not appear at the subsequent hearing on April 17, 2012. But the hearing proceeded without him, with Judge

2

White stating that the People were withdrawing the request to impose PRS. At that point, Harpaz stated that Plaintiff did not need to be present as the PRS issue was resolved. Judge White also announced that Plaintiff's presence was not needed because he was not being resentenced, and that his motion to withdraw the plea was now moot. Judge White then inquired, with a series of questions, about Harpaz's "authority to waive Plaintiff's signature, [and] sign on Plaintiff's behalf." (*Id*. at 4.) Judge White then directed Harpaz to put Plaintiff's initials on a document that stated that Plaintiff agreed with the court's decision. Harpaz also signed Plaintiff's name on an order stating that Plaintiff was being "re-sentenced to the originally imposed . . . sentence without . . . PRS." (*Id*.)

Plaintiff asserts the following claims: that Butchen provided ineffective assistance of counsel and violated his right to due process by not informing him of the consequences of the plea deal, particularly the imposition of a term of PRS; and that Judge White, Haskin, Spiro, and Vance denied him due process and access to the court during the 2012 proceedings. Plaintiff seeks to withdraw his 2000 guilty plea and monetary damages.

## DISCUSSION

**A.    Untimely Claims**

Plaintiff's claims appear to be untimely. The statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff brings the complaint asserting claims arising from his 2000 and 2012 criminal proceedings. But the Court received this action from Plaintiff on November 4, 2019, more than

3

seven years and seven months after the latest event occurred – the court proceeding held without Plaintiff on April 17, 2012.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)*; see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the applicable three-year statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies. But as discussed below, Plaintiff fails to state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

**B.     Plaintiff's Claims**

    **1.     Plaintiff may not seek withdrawal of his guilty plea in this civil action**

Plaintiff brings this action seeking to withdraw his 2000 guilty plea because of the failure of Judge White and Michael Butchen – his defense attorney– to inform him that the imposition of PRS would be part of his sentence. But a civil rights action under § 1983 is not the proper vehicle to challenge the validity a guilty plea or to seek release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Plaintiff can obtain such relief only by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to

challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting relief from his conviction or release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

The Court declines to construe this civil action as a § 2254 petition because Plaintiff does not allege any facts suggesting that he has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[2] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Plaintiff must first exhaust his state-court remedies before he may seek to withdraw his guilty plea in a *habeas corpus* action.

### 2. Plaintiff may not seek damages for claims arising from criminal proceedings

Plaintiff also brings § 1983 claims arising out of his criminal proceedings and sentence – including a purported denial-of-access-to-the-courts claim because the 2012 re-imposition of his original sentence occurred without him being present. But Plaintiff's resulting guilty plea has not been overturned or otherwise invalidated. For that reason, any claim for damages are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

---

[2] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the habeas corpus statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of his conviction, and it is clear that his guilty plea has not been overturned or otherwise invalidated, *Heck*'s favorable termination rule bars the § 1983 claims for money damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983 claims arising from his criminal proceedings and resulting sentence. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

In any event, even if Plaintiff's claims were not time-barred and *Heck*-barred, he fails to assert plausible claims under § 1983 against any of the named defendants. Judge White is absolutely immune from suit for damages for any actions taken within the scope of her judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature.") Vance and Spiro, the District Attorney and Assistant District Attorney he seeks to sue, are entitled to absolute immunity for any alleged wrongdoing based upon the prosecution of criminal proceedings against Plaintiff, because those acts are "intimately

6

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). And Butchen and Harpaz – Plaintiff's attorneys – as private actors, are not subject to liability under § 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981).

Because Plaintiff's claims with respect to the events during his 2000 and 2012 criminal proceedings and ultimately his conviction are untimely and precluded by *Heck*, and he fails to state claims for relief under § 1983 against Defendants Judge White, Butchen, Harpaz, Spiro and Vance, the complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii),(iii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 23, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge